## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ANTHONY E. WRIGHT,**

        **Plaintiff,**

**v.**                                    **Case No.:  2:18-cv-229**
                                                  **CHIEF JUDGE ALGENON L. MARBLEY**
                                                  **Magistrate Judge Jolson**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER**
**OF SOCIAL SECURITY,**

        **Defendant.**

### <u>ORDER</u>

This matter is before the Court on Plaintiff Anthony Wright's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 12).  Defendant has not filed an opposition.  This Motion is now ripe for review.  For the reasons that follow, Plaintiff's Motion is granted.

Plaintiff initiated this case on March 16, 2018.  Ultimately, the parties filed a Joint Motion to Remand this matter to the Commissioner of Social Security for further proceedings.  (ECF No. 9).  This Court granted the Joint Motion to Remand on September 11, 2018.  (ECF No. 10).  On remand, the Administrative Law Judge issued a decision awarding benefits to Plaintiffs.  Plaintiff and counsel had an agreement providing that counsel should be paid 25% of all past due benefits.  (ECF No. 12, Pl.'s Mot.).  The total amount of back due benefits subject to attorney fees is $108,964.00.  (*Id.*).  However, as set forth in detail in the Motion, counsel is only requesting a fee authorization in the amount of $12,000 pursuant to 42 U.S.C. § 406(b) of the Social Security Act.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25% of past-due benefits recovered by the claimant for work performed in a judicial proceeding. *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration (SSA)).

The standards for reviewing a motion for attorneys' fees under 42 U.S.C. § 406(b), where a contingency fee has been agreed to, is set forth in the Sixth Circuit's decisions of *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (en banc) and *Hayes v. Sec'y of Health & Human Servs.* 923 F.2d 418 (6th Cir. 1990). In *Rodriquez*, the Sixth Circuit found that an award of 25 percent of past due social security benefits is presumptively appropriate so long as it is derived from a contingency fee agreement between counsel and the claimant permitting that amount to be charged. *Rodriquez*, 865 F.2d at 746. In *Hayes*, the Sixth Circuit concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis." *Hayes*, 923 F.2d at 422. The Sixth Circuit noted that where a contingency fee contract exists, a fee of twice the standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate. *Id.*

Nevertheless, motions for attorneys' fees are still subject to scrutiny and may be discounted by the District Court. Both *Rodriquez* and *Hayes* make clear that the District Court may reduce a fee request, especially one which asks for more than twice the standard hourly rate. *See Rodriquez*, 865 F.2d at 746; *see also Hayes*, 923 F.2d at 422 ("If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee."). Courts may reduce a fee request in two instances: "1) those occasioned by

improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* at 420-21.  (emphasis in original) (internal citation omitted).  Courts may also consider other relevant factors including the extent of counsel's services, the amount of time counsel spent on the case, the results counsel achieved, and counsel's fees in other cases. *See Gisbrecht*, 535 U.S. at 794.

Here, Plaintiff's counsel has discounted his fees from the original agreed upon fee of 25% of Plaintiff's past-due benefits.  Further, there is no opposition from Defendant as to the reasonableness of Plaintiff's attorney fees.  Considering all the relevant factors and the Court's review for reasonableness, the Court finds that an award of $12,000.00 does not constitute a windfall in this case.  Further, the fees sought do not exceed the 25 percent statutory cap and the contingency fee that Plaintiff agreed upon and it is reasonable given "the character of the representation and the results of the representation achieved." *Gisbrecht*, 535 U.S. at 808.

Therefore, pursuant to the law and argument set forth in detail in Plaintiff's Motion, Plaintiff's Counsel is hereby awarded attorney's fees in the amount of $12,000.00 pursuant to 42 U.S.C. § 406(b) of the Social Security Act.

The Clerk of this Court shall remove ECF No. 12 from the pending motions list.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

**DATED:  November 2, 2020**

3